———o———

## No. 6088.

## P. M. GODCHAUX vs. JNO. C. DODT, ET AL.

### Syllabus.

No speculative damages can be recovered against a vendor who, in good faith, sells a property which he believes he owns but which, in fact, does not belong to him, and to which he cannot give title.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 97,534. Hon. G. H. Theard, Judge.

Merrick, Lewis, Gensler & Schwarz, for plaintiff and appellant.

E. M. Robbert and S. E. Beer, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Defendants were owners of a tract of land on the east bank of the Bayou Lacombe, extending on sides of the New Orleans and Great Northern Railroad, embracing Oakland. They made a contract with N. J. Clesi, Real Estate Agent, by which he was to sell said tract of land in lots of five acres. Clesi caused to be made, by a person not a surveyor, a blue print of said tract, dividing it into two lots. Four of these lots, bearing Nos. 5, 7, 9, and 11 located on said blue print at a short distance north of the railroad tract, Clesi sold to plaintiff for $800, and proceeded with him on the spot to identify the lots.

When on the spot, they were informed that the lots 5, 7, 9 and 11, as located on the blue print, covered properties owned by other parties and not owned by the defendants. Further investigation and an official survey revealed that the amateur draughtsman of the blue print had extended the line of defendants' tract of land much further north of the railroad track than the title called for, and in that way placed the lots 7 and 11 north of and outside of defendant's tract and overlapping the properties of others. There was no fraud in the act, but a mere mistake.

At the time of signing the agreement of sale the plaintiff paid Clesi $4 in part payment of the price, after the discovery of the error, plaintiff offered to make further

payments which were declined by Clesi on the ground that the property which he had sold was not in his hands and that he had sold a piece that was not his, that he did not own the lots and that he could not accept money for something he did not have. Thereupon plaintiff filed this suit asking for specific performance or for $1,200.00 damages alleging that the property is now worth $2,000.

It is evident that the defendant could not comply with a judgment for specific performance.

Nor do we consider that plaintiffs are entitled to damages. They show no actual damages, and they never acquired anything owing to the error committed in the contract. Clesi believed that his blue print was correct, and that the lots 5 to 11 were included in the tract of land he was authorized to sell. When his error was disclosed to him by the plaintiff, he called the sale off, because he could not comply with it.

It has been decided that no damages can be recovered against a vendor who in good faith sells a property which he believes he owns but which in fact does not belong to him, and to which he cannot give title. **Williams vs. Hunter, 13 A., 476; Wilberding vs. Maher, 35 A., 1182.** But in addition to these reasons, Clesi had no authority to sell lots outside of defendants' tract of land, and his act in so doing was not binding on defendants.

But it is contended by plaintiffs that the defendants subsequently acquired title to a part of the land covered by lots 5, 7, 9 and 11, and that their title enured to their benefit. If this were true, the rule would not apply because in truth defendants never sold said lots themselves, as located, nor authorized anyone to do so.

The judgment of the District Court was for defendants and it is affirmed.

Judgment affirmed.

Opinion and decree, May 18th, 1914.

Rehearing refused, June 15th 1914.

ST. PAUL, J.—I concur on the ground that there can be no specific performance and plaintiff has suffered no damages.